**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | : | |
| **COMMISSION** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-7156 |
| | : | |
| **FINANCIAL WARFARE CLUB, INC.** | : | |
| **, et al.**, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## EXPLANATION

### I.  INTRODUCTION

On January 11, 2008, a final judgment was entered as to all defendants in this case.  On

May 28, 2009, Defendant Marcus Dukes ("Dukes") filed a Motion for Discovery (Doc. # 66)

asking the Court to 1) order the Securities and Exchange Commission ("SEC") to turn over

complete discovery; 2) provide an updated status; 3) order Kevin Delaney, an SEC accountant,

not to destroy any documents involved in this case or the related criminal case.  On June 8, 2009,

Dukes filed a Motion for Relief from Judgment or Order (Doc. #68) asking the Court to 1)

forward Dukes a copy of the final judgment[1]; 2) grant relief from the final judgment; 3) allow the

"appeal clock" or "new trial clock" to restart; 4) order disclosure of all discovery materials; 5)

order that no documents related to this case be destroyed and that a summary of any documents

---

[1]  The SEC sent Dukes a copy of the Final Judgment upon receipt of Dukes' motion.
(SEC's Resp to Dukes' Motion Pursuant to Fed.  R.  Civ.  P.  60, 2).

1

that have been destroyed be sent to Dukes.  On June 29, 2009, Dukes filed a Motion to Preserve

Evidence and to Order the Securities and Exchange Commission to Reveal Status of Discovery

Materials and Other Evidence (Doc. #70) asking the Court to 1) order the SEC to preserve all

evidence and discovery as related to this case; 2) order the SEC to reveal the status of the

evidence in question; 3) order the SEC to provide a list of all items in the discovery including

any items destroyed.

**II.  BACKGROUND**

On September 4, 2002, this case, including any discovery and pretrial hearings, was

stayed.  On October 5, 2007, the SEC filed a motion for summary judgment.  Dukes admits that

he received the SEC's summary judgment motion (Dukes' Motion for Discovery, 1).  On

November 19, 2007, the Court held a telephone conference with all parties, including Dukes.

According to the SEC, Dukes spoke during this telephone conference. (SEC's Resp.  To Dukes'

Motion for Discovery, 2 fn.  1).  During the telephone conference, the Court granted the

Defendants' motion for an extension of time to reply to the SEC's summary judgment motion

until December 28, 2007.  In addition, the Court said that the SEC's summary judgment motion

would be granted as uncontested if no responses were received by that date.  On November 26,

2007, the Court issued an order stating that the SEC's summary judgment motion would be

granted if the defendants did not respond by December 28, 2007.  (Doc. #61).  The defendants

did not respond to the SEC's summary judgment motion, and on January 9, 2008, the Court took

this case out of suspense and granted that motion as unopposed.  (Doc. #64).  Final judgment was

entered on January 11, 2008.

### III.  DISCUSSION

Dukes claims that he was denied an opportunity to appeal because he did not receive a copy of the final judgment.  Under Federal Rule of Appellate Procedure 4(a)(6), the Court may reopen Dukes' time to file an appeal if Dukes did not receive notice of the final judgment within 21 days of its entry *and* Dukes filed a motion to reopen his time to appeal within 180 days of the entry of the final judgment *and* the Court finds that no party would be prejudiced.  The final judgment was entered on January 11, 2008.  Dukes did not file a  motion to reopen his time to appeal until 514 days after the final judgment was entered.  Therefore, the Court cannot grant Dukes' motion to reopen his time for an appeal.

Dukes also asks the Court to grant relief from the final judgment under Fed.  R.  Civ.  P. 60(b), which allows a court to relieve a party from a final judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Dukes does not make any argument relevant to reasons two through five listed above other than misconduct by officials during his criminal proceedings, which is irrelevant to this case.  The only mistake or inadvertence Dukes alleges is that he did not receive a copy of the final judgment.  This, however, does not explain why he was unable to file a response to the SEC's

3

summary judgment motion, which is what resulted in entry of the final judgment. Dukes claims that he was not provided with discovery, but this complaint seems to revolve around a related criminal case and the alleged misconduct of the Assistant United States Attorneys in that case. No discovery was ever exchanged in this civil case because the case and all discovery were stayed until final judgment was entered. Dukes was aware that the SEC had filed a motion for summary judgment and that if he did not reply by December 28, 2007, this would be granted. Dukes did not reply, the motion was granted, and final judgment was entered. Dukes has not provided any compelling reason why the judgment should be vacated. The SEC need not provide any discovery at this point because the case is closed.

s/Anita B. Brody   7/22/09

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to: