# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-7156 |
| | : | |
| FINANCIAL WARFARE CLUB, INC. (MD), et al., | : | |
| | : | |
| Defendants. | | |

**December 8, 2010**                                                   **Anita B. Brody, J.**

## MEMORANDUM

On January 11, 2008, after more than five years of litigation, I granted Plaintiff Security

and Exchange Commission's ("SEC") Motion for Summary Judgment against Defendants

Financial Warfare Club, Inc. (MD), Financial Warfare, Inc., Financial Warfare Club, Inc. (NV),

Covenant Econet, Inc., Teresa Hodge, and Marcus D. Dukes ("Dukes"). In June 2009, Dukes

moved for relief from my January 2008 Order under Fed. R. Civ. P. 60. On July 22, 2009, I

denied this motion. Now, Dukes moves again for relief from my July 22, 2009 Order denying his

June 2009 motion for relief. For the reasons that follow, I will **DENY** his motion (Doc. 76).

## I. BACKGROUND

The facts leading up to my January 2008 Order granting the SEC's motion for summary

judgment are set forth in my July 2009 explanation and order denying Dukes' June 2009 motion

for relief. Since I granted that motion, Dukes has become something of a serial litigator in the

federal courts. In his related criminal case, Dukes twice sought relief from his conviction and

sentence under 28 U.S.C. § 2255.  Dukes v. United States, No. 03-CR-133-1 (D. Md. Nov. 3,

2009) (Doc. No. 283).  Dukes moved for appointment of counsel three times, and filed two

discovery motions demanding additional evidence.  Id.  All of these Motions were denied.  Id.

Dukes moved for a certificate of appealability as to the denial of his Motions for appointment of

counsel and for relief under § 2255.  Id. (Doc. 288).  This Motion was also denied.  Id. (Doc.

290).  Dukes appealed the denial to the Fourth Circuit, who summarily denied Dukes a certificate

of appealability and dismissed the appeal.  Id. (Doc. 292).  Last month, Dukes filed a motion to

reopen judgment under Fed. R. Civ. P. 60(b), notwithstanding that the case was criminal, not

civil.  Id. (Doc. 294).

In this case, Dukes filed a motion for relief from my January 2008 Order under Fed. R.

Civ. P. 60(b), as well as two discovery motions.  SEC v. Dukes, No. 02-CV-7156 (E.D. Pa. July

24, 2009) (Doc. 74).  I denied all three motions.  Id.  Dukes now moves for relief from my Order

denying his motion for relief, again under Fed. R. Civ. P. 60(b).  Id. (Doc. 76).  In connection

with this second motion for relief, Dukes has filed a motion for appointment of counsel, and a

motion to compel, both of which I denied.  Id. (Docs. 84, 86).  Finally, Dukes has also filed a

separate suit against the SEC staff attorneys working on this civil case, alleging various civil

rights violations.  Dukes v. Pappas, et al., No. 09-3869 (E.D. Pa. Aug. 24, 2009) (Doc. 1).  That

suit was dismissed in its entirety.  Id. (Doc. 13).  Dukes is currently appealing the dismissal.  Id.

(Doc. 17).

In addition to the whirlwind of Court filings, Dukes has also filed multiple requests for

documents under the Freedom of Information Act ("FOIA").  One of the documents he received

was a December 30, 2003 Memorandum (the "FBI Memo") from the Federal Bureau of

Investigation ("FBI") describing a meeting between the Assistant United States Attorney

("AUSA") handling Dukes' criminal case, and three SEC staff attorneys handling the instant

case. The FBI Memo noted that the SEC had compiled a spreadsheet of all of Dukes'

"questionable deposits" (the "Spreadsheet"), and that the SEC refused to release a copy of the

Spreadsheet to the Department of Justice ("DOJ") because "it could impact negatively on the

SEC civil proceedings." This spreadsheet serves as the primary basis for the instant motion for

relief, as well as the basis for Dukes' related civil rights suit that was dismissed, and the pending

motion for relief in Dukes' criminal suit.

## II. DISCUSSION

Because Dukes "has filed his [motion] pro se, [I] must liberally construe his pleadings . . .

." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d. Cir. 2003). Dukes moves for relief under Fed. R.

Civ. P. 60(b), which the Third Circuit views "as 'extraordinary relief which should be granted

only where extraordinary justifying circumstances are present.'" Bohus v. Beloff, 950 F.2d 919,

930 (3d Cir. 1991) (quoting Plisco v. Union R.R. Co., 379 F.2d 204, 207 (3d Cir. 1967)). This

motion fails to provide the extraordinary circumstances necessary for relief under the Rule.

Rule 60(b) provides six grounds for relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it prospectively is
no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Dukes does not specify under which subsection of Rule 60(b) he seeks

relief. In fact, Dukes presents no justification for relief under any subsection of Rule 60(b).

Dukes places a lot of weight on the fact that he never obtained the Spreadsheet. As the

SEC notes repeatedly, the Spreadsheet was a summary of Dukes' own bank records. Dukes

presumably had access to his own bank records. Even if he did not, the SEC attached to its

Motion for Summary Judgment the specific bank records giving rise to this suit. By then, at

least, Dukes had access to all of the records underlying the Spreadsheet. The Spreadsheet

contained no information that was unknown to Dukes, and so is not "new" evidence within the

meaning of Rule 60(b)(2).[1] Cf. Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d

Cir. 1995) ("[Rule 60(b)(2)] requires that the new evidence (1) be material and not merely

cumulative, (2) could not have been discovered before trial through the exercise of reasonable

diligence, and (3) would probably have changed the outcome of the trial.").

Similarly, Dukes apparently made no effort to identify or request the Spreadsheet, or

anything like the spreadsheet, while the litigation was ongoing. Even if he had, the Spreadsheet

was drafted by the SEC in anticipation of the instant lawsuit, and would have been protected by

work product immunity given that Dukes had access to the underlying records. See In re

---

[1] Dukes makes several arguments relating to what was withheld by the AUSAs in his related criminal case. Dukes argues that because the SEC worked closely with the AUSAs, that the SEC should be considered part of the "prosecution team" for discovery purposes. This, however, is a civil case entirely separate from Dukes' criminal case. What was or was not produced in his criminal case is not relevant, except to show what Dukes knew or could have known, when determining whether any withheld evidence in his civil trial was material. The fact that the SEC worked closely with the AUSAs in Dukes' criminal case does not somehow subject discovery in this case to the broad discovery rules in criminal cases. Dukes' lengthy arguments relating to prosecutorial misconduct, and Brady and Giglio evidence, is simply irrelevant in this case.

Cendant Corp. Secs. Litig., 343 F.3d 658, 663 (3d Cir. 2003) ("[W]ork prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship."). It is irrelevant that the SEC refused to turn the Spreadsheet over to the AUSA and FBI involved with Dukes' criminal case. As a result, the SEC made no mistake in failing to produce the Spreadsheet during the litigation.

Dukes also argues that the SEC committed fraud by supposedly stating in its Response to Dukes' June 2009 Motion to Reopen (the "Response") that "the issue was 'irrelevant to the civil proceedings' and 'the documents about which he explains were provided to and/or obtained by the defendant.'" This argument is frivolous. In order to show fraud under Rule 60(b)(3), a "movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983). Dukes has made no such showing.

In sum, Dukes has not offered any evidence which could justify the extraordinary relief provided for in Fed. R. Civ. P. 60(b).[2] Dukes has not shown that the SEC made any mistake, and has not shown any newly discovered evidence which could justify relief. Dukes has certainly not shown that the SEC committed fraud. As a result, I will **DENY** Dukes' Motion for Relief from my July 2009 Order Denying his previous Motion for Relief.

---

[2] Dukes also attaches several other documents to his Motion, presumably constituting additional evidence supporting his Motion. Dukes does not explain how any of the documents he cites undermine the validity of my July 2009 Order.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

6